# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THEODORE GRAHAM LARNARD,<br>Appellant, | DOCKET NUMBER<br>NY-3330-18-0168-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: February 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karen Sanders, Esquire, Rochester, New York, for the appellant.

Georgette Gonzales-Snyder, Esquire, Syracuse, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED by this Final Order to DENY the request for corrective action as untimely and VACATE the administrative judge's finding that the appellant failed to state a claim upon which relief can be granted.

On petition for review, the appellant argues that the sworn affidavit he submitted below is sufficient evidence to show that he was misled by a Department of Labor (DOL) investigator about his right to file a VEOA complaint with DOL and that this misrepresentation warrants the equitable tolling of the time limit to file his VEOA complaint. Petition for Review (PFR) File, Tab 1 at 4-5. He also challenges the administrative judge's finding that he failed to articulate a VEOA claim. *Id.* at 5-7. Finally, the appellant has filed a reply to the agency's opposition to his petition for review in which he includes an October 24, 2018 letter from DOL stating that its Veterans' Employment and Training Service (VETS) spoke with the appellant on May 21, 2015, regarding his termination as a result of nepotism in the workplace; he argues that this letter supports his sworn affidavit stating that he was misled by a DOL investigator.[2] PFR File, Tab 4 at 4, 7. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence

---

[2] The agency has moved to file an additional pleading requesting permission to respond to the additional letter the appellant submitted with his reply. PFR File, Tab 7 at 4. As set forth below, we have not considered the letter, and the agency's motion is denied.

submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The letter itself was not available before the record closed below; however, the appellant's petition for review reflects that he did not file a Freedom of Information Act request for records from VETS until August 28, 2018, the day after the initial decision was issued. PFR File, Tab 1 at 8-9. The appellant has not explained why he did not pursue this information prior to the close of the record; thus, he has not shown due diligence in pursuing the information, and we need not consider it.

Our review of the record reflects that the administrative judge properly found that the appellant untimely filed a complaint with DOL alleging a violation of his veterans' preference and that equitable tolling of the statute of limitations to file such a complaint was not warranted. Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 4-5; *see* 5 U.S.C. § 3330a(a)(2)(A) (providing that a complaint alleging a violation of 5 U.S.C. § 3330a(a)(1)(A)-(B) must be filed with DOL within 60 days after the date of the alleged violation); *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 17 (2012) (providing that the 60-day time limit set forth in 5 U.S.C. § 3330a(a)(2)(A) is subject to equitable tolling). Even accepting as true the appellant's assertion that a DOL investigator incorrectly told him that he must pursue his equal employment opportunity (EEO) claim before filing a complaint with DOL, the appellant, who has been represented by counsel since prior to his communications with the DOL investigator, failed to file a VEOA complaint until 16 months after the agency issued a final decision regarding his EEO complaint and 13 months after he filed a civil action in U.S. district court. IAF, Tab 1 at 20-21, Tab 7 at 49-78. The appellant has not shown that he acted diligently in preserving his legal rights; thus, equitable tolling of the time limit to file his VEOA complaint with DOL is not warranted. *See Gingery*, 119 M.S.P.R. 43, ¶ 17 (citing *Irwin v. Department of*

*Veterans Affairs*, 498 U.S. 89, 96 (1990), for the proposition that equitable relief is typically extended only sparingly and in situations where the complainant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

In finding that the appellant had failed to timely file his complaint with DOL, however, the administrative judge improperly dismissed the appeal for lack of jurisdiction. ID at 4-5. An appellant's failure to meet the 60-day time limit for filing a DOL complaint under 5 U.S.C. § 3330a(a)(2)(A) is not a failure to exhaust administrative remedies that deprives the Board of jurisdiction over a VEOA claim. *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009); *see Gingery*, 119 M.S.P.R. 43, ¶ 16 n.3 (discussing the holding of *Garcia*). Rather, when an appellant files an untimely complaint with DOL and equitable tolling does not apply, the request for corrective action must be denied based on a failure to meet the time limit for filing a complaint with DOL. *Garcia*, 110 M.S.P.R. 371, ¶ 13; *see Gingery*, 119 M.S.P.R. 43, ¶ 16 n.3. Because we conclude that the administrative judge properly found that the appellant filed an untimely complaint with DOL and equitable tolling is not warranted, this case should not be dismissed for lack of jurisdiction. The initial decision is modified to deny the appellant's request for corrective action under VEOA because he has failed to meet the time limit for filing a complaint with DOL.

Additionally, because the administrative judge found the appeal to be untimely and dismissed the appeal for lack of jurisdiction, she did not properly reach the issue of whether the appellant failed to state a claim upon which relief can be granted. ID at 5; *see White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶ 11 (2010) (holding that dismissal for failure to state a claim is not a proper disposition if an appellant fails to establish jurisdiction over his appeal because this disposition goes to the merits of the appeal, which the Board cannot resolve

if it lacks jurisdiction).  Because we affirm the administrative judge's finding that the appellant's request for corrective action was untimely and deny the request for corrective action on this basis, we do not reach this issue and have vacated the administrative judge's finding that the appellant failed to state a claim upon which relief can be granted.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Garcia*, 110 M.S.P.R. 371, ¶ 13 n.4; *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).  We have decided this case without a hearing because there is no genuine dispute of material fact and the agency must prevail as a matter of law.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.